UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIPP FLORES ARCHITECTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-850 |
| | § | |
| HALLMARK DESIGNS HOMES, L.P., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Kipp Flores Architects, L.L.C.'s ("KFA") Motion for Partial Summary Judgment (Doc. 60), as well as Defendants Joe Partain, Laura Partain, and William Graper's Response (Doc. 65), and KFA's Reply (Doc. 69). Upon review and consideration of this motion, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's motion for partial summary judgment should be denied.

I. Background and Relevant Facts

This is a copyright case. Plaintiff KFA is an architectural firm that creates and markets architecture designs. (Doc. 58, ¶9.) KFA has registered numerous of its works with the U.S. Copyright Office and applied for registration for other of its copyrighted works. (*Id.*, ¶¶12–13.) KFA alleges that Defendants are infringing its copyrights to architectural drawings pursuant to 17 U.S.C. § 101 *et seq.* (*Id.*, ¶7.) Pursuant to an agreement dated January, 6, 2004, titled "Agreement, Architectural Services and License," Defendants obtained copies of KFA's copyrighted works (*Id.*, ¶9; Doc. 60-9.) Plaintiff KFA alleges that the Defendants have committed numerous acts of infringement, including making "copies and/or derivatives of KFA's Copyrighted Works by making paper and digital drawings and plans based on KFA's Copyrighted Works," "constructing structures based on KFA's Copyrighted Works," and selling

and offering "for sale structures based on KFA's Copyrighted Works that are copies and/or derivatives of KFA's Copyrighted Works." (Doc. 58, ¶ 14.)

On March 24, 2009, Plaintiff filed suit in this Court against Hallmark Design Homes, L.P., Hallmark Collection of Homes, L.L.C., and Joe Partain on the basis of federal question. (Doc. 1.) The case against Defendants Hallmark Design Homes, LP and Hallmark Collection of Homes, LLC was administratively stayed after those entities filed for bankruptcy. (Docs. 25–26.) KFA then decided to proceed against the remaining Defendant, Joe Partain. (Docs. 27–28.) On April 29, 2010, Plaintiff joined Defendants Laura Partain and William Graper. (Doc. 41.) Plaintiff's Second Amended Complaint was filed on October 15, 2010. (Doc. 58.) KFA now moves for partial summary judgment on the issue of the defendants' liability for copyright infringement. (Doc. 60.)

II. Legal Standard for Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Tex. Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert.*

*denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

III. Discussion

KFA argues that "under the contracts between the parties, Hallmark did not have a license to reuse KFA's architectural works." (Doc. 60 at 1.) However, on January 6, 2004, Defendant Hallmark Design Homes acquired a limited license to use KFA's copyrighted works.

(Doc. 60-9.) The Agreement provides that "Hallmark's full payment for a set of plans included a license to build a single house from those plans." (Doc. 60 at 11.) The contract further specifies that additional licenses may be purchased according to the following schedule:

> Non-reproducible media- single unit construction only      included
> Reproducible media (provides license to construct 10 unites)      1,000.00
> License for construction of additional units may be purchased:
> > Each repeat construction *(separately purchased)*      $200.00
> > 3 additional licenses *(advance purchase)*      500.00
> > 5 additional licenses *(advance purchase)*      600.00
> > 10 additional licenses *(advance purchase)*      1,000.00
>
> All plans copyright protected.

(Doc. 60-9 at 7.) KFA argues that as conditions precedent to these reuse licenses, Hallmark was required to pay the license fees in full. The Agreement specifies that:

> Client's failure to pay all charges for services requested by Client, including fees for purchase of license for reuse of plan(s), shall make this granting of the right to reuse plan(s) null and void.

(*Id.* at § V.b.) Because, according to KFA, Hallmark failed to pay these additional license fees, its use of the plans constitutes infringement as a matter of law. (Doc. 60 at 11–13.)

Defendants acknowledge KFA provided "architectural drawings to Hallmark and Hallmark built homes based on the drawings." (Doc. 65 at 2.) Defendants further admit Hallmark "produced marketing materials depicting homes and components of KFA's drawings with KFA's knowledge and assistance." (*Id.* at 3.) However, Defendants deny such copying was unauthorized. (*Id.* at 5.) Rather, Defendants argue KFA "authorized the copying of the actual construction drawings by supplying computer software to defendants for the purpose of making changes to the drawings," and "assisted defendants in copying the drawings in the production of renderings." (*Id.*) Defendants further assert that some of KFA's claims are barred by the three year statute of limitations for copyright infringement set forth by 17 U.S.C. § 507(b), and assert the affirmative defenses of estoppel and an implied license. (*Id.* at 6–9.)

Finally, the individual Defendants argue that, as limited liability partners in the now bankrupt Hallmark, they cannot be held liable for obligations of the partnership. (*Id.* at 4.) A limited partner is generally not liable for the obligations of a limited partnership unless: (1) the limited partner is also a general partner; or (2) in addition to the exercise of the limited partner's rights and powers as a limited partner, the limited partner participates in the control of the business. Tex. Bus. Org. Code Ann. § 153.102(a). Defendants argue that Hallmark Collection of Homes, L.L.C. is the general partner of Hallmark Design Homes, L.P., and therefore that the individual defendants cannot be held vicariously liable for copyright infringement by Hallmark Design Homes, L.P, the only party in privity of contract with Plaintiff KFA. (Doc. 65 at 4.) This argument is not compelling, however, because KFA sues for copyright infringement, not breach of contract.

KFA argues that because the individual Defendants Joe Partain, Laura Partain, and William Graper "had the legal power and ability to supervise and control Hallmark's activities and had a financial interest in them, Joe Partain, Laura Partain, and William Graper are each vicariously liable for Hallmark's act of copyright violation" and that therefore "KFA is entitled to partial summary judgment that these [individual] defendants are liable for copyright infringement." (Doc. 60 at 1–2.) The Court finds, however, that material questions of fact remain as to the extent of Hallmark's license for and use of KFA's copyrighted works, as well as Joe Partain, Laura Partain, and William Graper's control of Hallmark and possible vicarious liability.

IV. Conclusion

Accordingly, the Court hereby ORDERS that Plaintiff Kipp Flores Architects, L.L.C.'s Motion for Partial Summary Judgment (Doc. 60) is DENIED.

SIGNED at Houston, Texas, this 19th day of January, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE