```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION




KIPP FLORES ARCHITECTS, LLC,   )   CASE NO:  H-09-00850
                               )
          Plaintiff,           )           CIVIL
                               )
     vs.                       )        Houston, Texas
                               )
HALLMARK DESIGN HOMES, LP,     )   Friday, September 21, 2012
ET AL.,                        )
                               )   (12:48 p.m. to 1:03 p.m.)
          Defendants.          )



                  JURY TRIAL - DAY 5 (VERDICT)

              BEFORE THE HONORABLE NANCY K. JOHNSON,
                  UNITED STATES MAGISTRATE JUDGE



Appearances:              See Next Page

Court Recorder:           Ketta Lindsay

Courtroom Clerk:          Beverly White

Transcriber:              Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, TX 78480-8668
                          361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**APPEARANCES FOR:**

| | |
|---|---|
| Kipp Flores Architects, LLP and Sabas Flores: | PATRICK ANDREW ZUMMO, ESQ.<br>Law Offices of Patrick Zummo<br>3900 Essex Lane<br>Suite 800<br>Houston, TX 77027 |
| | LOUIS K. BONHAM, ESQ.<br>Osha Liang, LLP<br>919 Congress Avenue<br>Suite 919<br>Austin, TX 78701 |
| Chapter 7 Trustee, Rodney D. Tow, and Hallmark Design Homes, LP: | R. BRENT COOPER, ESQ.<br>TIMOTHY MICAH DORTCH, ESQ.<br>Cooper & Scully, P.C.<br>900 Jackson<br>Suite 100<br>Dallas, TX 75202 |
| | CHRISTOPHER DAVID LINDSTROM, ESQ.<br>Cooper Scully<br>700 Louisiana<br>Suite 3850<br>Houston, TX 77002 |
| Defendants: | CHRISTOPHER ALFRED STEVENSON, ESQ.<br>Adair & Myers,<br>3120 Southwest Freeway<br>Suite 320<br>Houston, TX 77098 |
| | GORDON G. WAGGETT, ESQ.<br>Adair & Myers<br>550 Westcott Street<br>Suite 350<br>Houston, TX 77007 |

1        **Houston, Texas; Friday, September 21, 2012; 12:48 p.m.**

2                              **Call to Order**

3            **THE COURT**: All right. Good afternoon everyone.
4    Please be seated.
5            All right. Do you want to get the jury?
6            **THE CLERK**: Yes, Judge.
7        **(Pause)**
8            **THE MARSHAL**: All rise for the jury.
9        **(Jurors enter courtroom at 12:48 p.m.)**
10           **THE COURT**: All right. Be seated everyone. Good
11   afternoon.
12           All right. Ladies and gentlemen, let me introduce
13   myself. I'm Magistrate Judge Nancy Johnson. I will be taking
14   your verdict this afternoon.
15           I understand you have reached a verdict. Is that
16   correct?
17           **THE FOREPERSON**: Yes, ma'am.
18           **THE COURT**: With respect to that jury -- verdict, is
19   it everyone's verdict? In other words, is it unanimous?
20       **(No audible response)**
21           **THE COURT**: Is that yes?
22           **THE FOREPERSON**: Yes.
23           **THE COURT**: Would you hand that form to the Bailiff?
24   Or do I have it?
25           **THE CLERK**: No, the foreperson has it.

1 **THE COURT:** She has it. All right.

2 **THE CLERK:** This is the style of the case, and this
3 is the signature page.

4 **THE COURT:** Thank you.

5 All right. In Kipp Flores Architect versus Hallmark
6 Design Homes, LLP (sic).

7 All right. Jury Question Number 1. "Do you find by
8 a preponderance of the evidence that Defendant Hallmark Design
9 Homes had an implied license to use Plaintiff Kipp Flores
10 Architects LLC's copyrighted architectural works? Answer yes
11 or no to each of the following designs."

12 Plan 3001; answer, "No."

13 Plan 3003; answer, "No."

14 Plan 3004; answer, "No."

15 Plan 3005; answer, "No."

16 Plan 3006; answer, "No."

17 Plan 3007; answer, "No."

18 Plan 3008; answer, "No."

19 Plan 4006; answer, "No."

20 Plan 5001; answer, "No."

21 Plan 5003; answer, "No."

22 And Plan 5004; answer, "No."

23 Question Number 2. "Do you find by a preponderance
24 of the evidence that Plaintiff Kipp Flores Architects copyright
25 infringement claims are barred by the doctrine of equitable

```
 1  estoppel?  Answer yes or no as to each of the following
 2  designs."
 3           The jury has answered "No" for every one of those
 4  designs.
 5           Jury Question Number 3.  "By what date did Kipp
 6  Flores Architects LLC know or have reason to know through the
 7  exercise of reasonable diligence of the alleged infringement of
 8  the architectural works at issue in this case?"
 9           As to all plans, the jury has answered "May 17,
10  2007."
11           Turning to Jury Question Number 4.  "Do you find by a
12  preponderance of the evidence that Defendant Hallmark Design
13  Homes infringed the copyrights of Kipp Flores Architects LLC?
14  Answer yes or no with respect to each of the following
15  designs."
16           With respect to all of those designs, the jury has
17  answered "Yes."
18           Jury Question Number 5.  "Do you find by a
19  preponderance of the evidence that the following individuals
20  are vicariously liable for the acts of infringement of
21  Defendant Hallmark Design Homes, L.P.?  Answer yes or no."
22           As to Joe Partain, "No."
23           As to Laura Partain, "No."
24           As to William Graper, "No."
25           All right.  Jury Question Number 6.  "What amount do
```

1   you find by a preponderance of the evidence was the gross

2   revenue, if any, and the deductible expenses, if any, on any

3   houses constructed and sold by Hallmark Design Homes, L.P., for

4   which you found Hallmark Design Homes, L.P., had infringed Kipp

5   Flores' copyrights in response to Jury Question Number 4?

6   Answer in dollars and cents."

7          All right.  Get your pencils out.

8          "Plan 3001, gross revenues $13,862,488, with

9   deductible expenses of $8,317,493.

10         On Hallmark Plan 3003, gross revenues of $3,636,739,

11  with deductible expenses of $2,182,043.

12         Hallmark Plan 3004, gross revenues of $15,462,128,

13  with deductible expenses of $9,277,277.

14         Hallmark Plan 3005, gross revenues of $1,103,783;

15  deductible expenses of $662,270.

16         Hallmark Plan 3006, $2,348,273 of gross revenues;

17  deductible expenses of $1,408,976.

18         Hallmark Plan 3007, $10,292,209, with deductible

19  expenses of $6,175,325.

20         Hallmark Plan 3008, gross revenues of $794,900, with

21  deductible expenses of $476,940.

22         Hallmark Plan 4006, gross revenues of $16,126,536;

23  deductible expenses $9,675,922.

24         Hallmark Plan 5001, gross revenues of $9,280,938,

25  with deductible expenses of $5,568,563.

1          Hallmark Plan 5003, gross revenues of $4,094,632,

2  with deductible expenses of $2,456,779.

3          And finally, Hallmark Plan 5004, gross revenues of

4  $3,774,943, with deductible expenses of $2,264,966."

5          Turning to Jury Question Number 7.  "What percentage

6  of Hallmark Design Homes, L.P.'s, profits from the sale of

7  homes for which you found infringement, if any, do you find by

8  a preponderance of the evidence to be attributable to factors

9  other than the copyright work?"

10          Hallmark Plan 3001.  Answer, "$4,990,495."

11          Hallmark Plan 3003.  "$1,309,226."

12          Plan 3004.  "$5,566,366."

13          Plan 3005.  "$397,362."

14          Hallmark Plan 3006.  "$845,385."

15          Hallmark Plan 3007.  "$3,705,196."

16          Hallmark Plan 3008.  "$286,164."

17          Hallmark Plan 4006.  "$5,805,553."

18          Hallmark Plan 5001.  "$3,341,137."

19          Hallmark Plan 5003.  "$1,474,068."

20          And Hallmark Plan 5004.  "$1,358,979."

21          "If you answered yes to any part of Jury Question

22  Number 5, answer the corresponding part of Jury Question Number

23  8, which questions what profits, if any, did any of the

24  following individuals derive from the infringing activity found

25  in response to Jury Question Number 4."

8

1        Answer with respect to Joe Partain, "Not applicable."
2        Laura Partain, "Not applicable."
3        And William Graper, "Not applicable."
4        All right.  Ladies and gentlemen, is this your
5   verdict?
6        **(All jurors respond in the affirmative)**
7        **THE COURT:**  Now, I don't see -- is there a separate
8   jury form where you've all signed that?
9        **THE FOREPERSON:**  No.  There wasn't one given to us.
10       **THE CLERK:**  There should have been a signature line
11  for the foreperson.
12       **THE COURT:**  Just the foreperson?
13       **THE CLERK:**  Yes, Judge.
14       **THE COURT:**  Does anyone request that the jurors all
15  sign the form?  Anyone?
16       **MR. ZUMMO:**  Plaintiff does not, your Honor.
17       **THE COURT:**  Plaintiff does not.
18       **MR. DORTCH:**  No, your Honor.
19       **THE COURT:**  All right.  Does anyone wish to poll the
20  jury?
21       **MR. ZUMMO:**  Plaintiff does not, your Honor.
22       **THE COURT:**  Defendant.
23       **MR. DORTCH:**  No, your Honor.
24       **THE COURT:**  All right.  Then this verdict will be
25  filed with the Clerk.

9

1       Ladies and gentlemen, this discharges this case,
2  right?  There is no other issues for the jury to decide?
3       Lawyers, is that correct?
4       **MR. ZUMMO**:  We agree, your Honor.
5       **THE COURT**:  Excellent.  All right.  This discharges
6  your duty.  You've obviously been extremely diligent, and very
7  math savvy, I must say.  Did you have a calculator?
8       **MS. JUROR**:  We had a banker.
9       **MR. JUROR**:  Had a banker, and bankers, you know how
10 they are.
11      **THE COURT**:  Had a banker.  Frightening.  Frightening.
12      Well, thank you so much.  I know that this is very --
13 being on a jury is an inconvenience; clearly it is.  And you've
14 spent this entire week here I believe.  I think I've seen you
15 -- seen the lawyers and the parties around this floor.  But
16 know that this is a very, very important process of our legal
17 system.  We cannot resolve these cases without jurors, and it's
18 an important part of our system that a jury decide this issue;
19 not a cranky judge.
20      So I again thank you, and we'll rise one last time
21 for the jury.
22      **THE MARSHAL**:  All rise.
23      **THE COURT**:  Thank you.  And Beverly will be getting
24 you all your juror forms.
25      **MR. JUROR**:  Thank you.

EXCEPTIONAL REPORTING SERVICES, INC

1      (Jurors exit courtroom at 1:01 p.m.)

2           **THE CLERK:** Thanks, Judge.

3           **THE COURT:** Lawyers, is there anything we need to

4  discuss?

5           **MR. ZUMMO:** Judge, just to -- I know this wasn't your

6  trial --

7           **THE COURT:** It wasn't.

8           **MR. ZUMMO:** -- so any issues about whether we want to

9  send -- or have the Court send thank you letters from us to the

10 jury, or any kind of contact, I assume we should bring up with

11 Judge Stacy.

12          **THE COURT:** I would prefer that you did that.  Are

13 you going to try to corner them on their way out of the

14 building?

15          **MR. ZUMMO:** We -- not unless the Court tells us

16 it's okay, and I don't expect you to because I know that that's

17 the --

18          **THE COURT:** It's generally -- sometimes you-all just

19 don't want to know, honestly.

20          **MR. ZUMMO:** Right.  Right.

21          **THE COURT:** So, Beverly has handed me this very

22 important form that each of you needs to withdraw your

23 exhibits.  All right?

24          So, what happens is that if you choose to appeal

25 this, then the exhibits need to be filed with the Circuit

1  Court, but we don't store them.  Okay?  Does everyone -- if
2  you've got any questions, you can talk to Beverly or me about
3  that, but you will remove all your exhibits yourselves, and
4  then file them again if the case gets appealed.
5          **MR. UNIDENTIFIED**:  What about your question?
6          **MR. BONHAM**:  Your Honor, just so -- what we could
7  also do, and we would proffer to do so is to file
8  electronically PDFs of all of the exhibits that were admitted
9  so that there is no question as to, you know, what the exhibits
10 were.
11         That's how -- I know, for example, Judge Davis does
12 it in the Eastern District of Texas.
13         I understand you want us to get the paper out, and
14 we'll -- we will do that, but just so that there is absolutely
15 no question as to what those were, what I would --
16         **THE COURT**:  That works.  Yeah.
17         **THE CLERK**:  That works.
18         **THE COURT**:  That's fine.  It's just we don't store
19 the paper.
20         **MR. BONHAM**:  Understood.  But just so that there is
21 absolutely no question as to what the exhibits were and what we
22 had.
23         **THE COURT**:  I think the Circuit, you know, would
24 appreciate that if it were in electronic form.
25         **MR. BONHAM**:  We will do so today.

12

1       **THE COURT**:  It's easier to file it.  It just -- you
2  know, they just scoop it up.
3       All right.  Anything else?
4       **MR. UNIDENTIFIED**:  No, Judge, thank you for your
5  time.
6       **THE COURT**:  I know Judge Stacy would probably tell
7  you that you-all did a super job.  And she's probably very glad
8  that it's done.
9       **MR. ZUMMO**:  We think we know that.
10      **THE COURT**:  All right.  Well, good.  Well, thank you
11 all.  Have a good day.
12      **MR. ZUMMO**:  Thank you, Judge.
13      **MR. UNIDENTIFIED 1**:  Thank you.
14      **MR. UNIDENTIFIED 2**:  Thank you, your Honor.
15      **THE CLERK**:  Thank you, Judge.
16    **(This proceeding was adjourned at 1:03 p.m.)**
17
18
19
20
21
22
23
24
25

**EXCEPTIONAL REPORTING SERVICES, INC**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          October 16, 2012

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC