IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIPP FLORES ARCHITECTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-0850 |
| | § | |
| HALLMARK DESIGN HOMES, L.P., | § | |
| HALLMARK COLLECTION OF HOMES, | § | |
| LLC, JOE B. PARTAIN, LAURA PARTAIN, | § | |
| and WILLIAM D. GRAPER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending is the Renewed Motion of Rodney D. Tow, Chapter 7 Bankruptcy Trustee for Defendant Hallmark Design Homes, L.P., for Judgment as a Matter of Law and, alternatively, Motion for New Trial (Document No. 254).  Having considered the motion, Plaintiff's Response (Document No. 257), and the Court's recollection of both the evidence and the parties' arguments, it is ORDERED, for the reasons set forth below, that the Renewed Motion for Judgment as a Matter of Law, and alternative, Motion for New Trial, is DENIED.

**I.    Tow's Motion**

Trustee Tow, on behalf of Defendant Hallmark Design Homes, L.P., argues that judgment as a matter of law, or alternatively a new trial, is warranted on Plaintiff's copyright claims tried to a jury verdict in September 2012, because: (1) Plaintiff "failed to present evidence to allow the jury to make a side-by-side comparison" of the originals and all the alleged copies; (2) Plaintiff "presented insufficient evidence and/or incompetent evidence of revenue"; (3) Plaintiff "presented

no evidence of infringement by Hallmark"; and (4) the evidence does not support the jury verdict.

## II. Standards of Review

A motion for judgment as a matter of law following a jury verdict under FED. R. CIV. P. 50(b) is reviewed by the Court to determine whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." *Am. Home Assur. Co. v. United Space Alliance,* 378 F.3d 482, 487 (5th Cir.2004). A motion for judgment as a matter of law must be denied "unless the facts and inferences point 'so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion.'" *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 498-499 (5th Cir. 2012) (quoting *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001)). In reviewing the evidence following a jury verdict, the standard of review is "especially deferential," *SMI Owen Steel Co., Inc. v. Marsh USA, Inc.*, 520 F.3d 432, 437 (5th Cir. 2008), with all reasonable inferences and all credibility issues being resolved in "the light most favorable to the non-moving party." *Navigant Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 282 (5th Cir.2007) (quoting *Brown v. Bryan County*, 219 F.3d 450, 456 (5th Cir. 2000)).

A motion for new trial, in contrast, may be granted after a non-jury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(2). Rule 59(a) does not provide any guidance as to when a new trial is appropriate, but the Fifth Circuit has recognized that a new trial may be had where the verdict is against weight of the evidence; the damages are either excessive or inadequate, the trial was somehow unfair, or prejudicial error was injected into the trial. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). Courts, however, "do not grant new trials unless it is reasonably clear that prejudicial

error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir.1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n. 3 (5th Cir.1979)).

## III.  Discussion

### A.  Side-by-side comparison

Tow first argues that the evidence submitted at trial did not allow the jury to make a side-by-side comparison of the originals and the copies. According to Tow, the only evidence presented at trial as to the similarity between the originals and the copies came from Mr. Cary Kipp, who testified only about plan nos. 3001, 3003T, 3003U, 3004, 3005, 3006T, 3007T, 3008D, 5001U, 5003 and 5004T. In addition, Tow argues that to the extent the some of the alleged copies were derivatives of the original works, Plaintiffs neither registered those derivatives nor provided evidence from which a side-by-side comparison of the originals and the derivatives could be made.

Plaintiff presented documentary evidence of each of the Plaintiff's works at issue in this case as well as each corresponding Hallmark design. The jury charge was then fashioned so that the jury had to compare Plaintiff's numbered "sketches" with Hallmark's numbered plans in order to find infringement. *See* Jury Question No. 4. Plaintiff's documentary evidence sufficiently allowed for a side-by-side comparison of the original works, and any derivations therefrom, and the alleged copies.

### B.   Evidence of revenue

Tow next argues that the only evidence Plaintiff presented of gross revenue attributable to infringement came from Exhibit 78, which was improperly admitted. According to Tow, Exhibit 78, which is a summary of houses built by model number and address, the sales prices and the closing date, was hearsay that did not fall within the business records exception to the hearsay rule.[1] In addition, Tow argues that there was no evidence presented at trial of a causal connection with the designs at issue and the value of the homes and/or Hallmark's revenue.

Plaintiff presented evidence of gross revenue through Exhibit 78. Exhibit 78, which Defendants objected to on the basis of hearsay and completeness, was admitted over Defendants' objections. Exhibit 78 was admissible as a party admission under FED. R. EVID. 801(d)(2) and as a summary of business records under FED. R. EVID. 803(6) and 1006. In addition, as there was no evidence presented questioning the reliability of the information contained in Exhibit 78, and as Mr. Partain testified at trial that Exhibit 78 reflected the sales price(s) for the homes Hallmark sold, including those alleged to have infringed Plaintiff's copyright, Exhibit 78 provided sufficient evidence of Plaintiff's gross revenue.

As for Tow's argument that there was no evidence of a causal connection between the value of the copies (the homes) and the infringement, the record shows that both Mr. Flores and Mr. Partain testified about the value of a home's design to the home's overall price. While neither

---

[1] In addition, Tow maintains, as he did at the pretrial conference, that several elevations were not listed in the Joint Pretrial Order. As explained by Plaintiff's counsel, and accepted by the Court, different elevations can be considered an iteration or deviation from the original work, and were therefore subsumed in the original works that were identified in the Joint Pretrial Order.

testified abut the value of the design on a percentage basis, there has been no showing that such was required under Fifth Circuit precedent.

    **C.    Infringement**

In his next argument, Tow maintains that there was no evidence of infringement and that the copying of Plaintiff's designs was allowed by the parties' agreement, which contained a license.

Plaintiff offered evidence from both Mr. Flores and Mr. Kipp that Hallmark's use of its designs, when it had not paid a re-use fee, was unauthorized. The terms of the parties' agreement, as well as Plaintiff's evidence that Hallmark was not allowed to re-use Plaintiff's designs without paying re-use fees, is sufficient evidence that Plaintiff did not authorize Hallmark's re-use of its plans.

    **D.    Jury Verdict**

In his final argument, Tow argues perfunctorily, that the jury's verdict on Jury Question Nos. 1, 2, 3, 4, and 6 is not supported by the evidence.

Based on the Court's recollection of the evidence when it was presented as well as Plaintiff's references to that evidence in response to Plaintiff's motion, the jury's verdict, including the answers to Jury Question Nos. 1, 2, 3, 4 and 6, are sufficiently supported by the evidence.

Signed at Houston, Texas, this 7th day of December, 2012.

Frances H. Stacy
United States Magistrate Judge